**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**RICHARD MIDDLETON and**
**JOYCE MIDDLETON,**

        **Plaintiffs,**

-vs-                                           **Case No. 3:11-cv-1052-J-37JBT**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY,**

        **Defendant.**
_____/

### ORDER

This cause comes before the Court on Plaintiffs RICHARD MIDDLETON and JOYCE MIDDLETON's (collectively "Plaintiffs") Motion to Remand (Doc. No. 7), filed on December 16, 2011. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant") filed its Response (Doc. No. 9), on December 30, 2011. After a careful review of the record, the Court **DENIES** Plaintiffs' Motion to Remand as set forth below.

### BACKGROUND

This is a personal injury action arising out of an automobile collision that occurred on June 1, 2009. Plaintiff filed a lawsuit against Katherine Santora[1] on May 5, 2011 in the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida. Defendant was added as a party on

---

[1] Katherine Santora is the driver of the other vehicle involved in the collision.

August 16, 2011, and on September 1, 2011, Katherine Santora was dismissed as a defendant. Plaintiffs' Amended Complaint against Defendant seeks uninsured motorist insurance benefits pursuant to an insurance contract between Joyce Middleton and Defendant.

On October 10, 2011, Plaintiffs sent a written settlement letter to Defendant requesting that it tender policy limits in the amount of $250,000. The settlement letter included Richard Middleton's past medical expenses, a projection of possible future medical expenses, and past and future non-economic damages. (*See* Doc. No. 1, Ex. 4 (claiming $245,000 in economic damages and $587,000 in non-economic damages, for a total amount of damages of $832,000).) On October 25, 2011, Defendant removed the state court action to the instant court.

Presently before the Court is Plaintiffs' motion to remand the case back to state court on the grounds that "[Defendant] has not clearly and unambiguously established by a preponderance of the evidence that the amount in controversy exceeds $75,000." (Doc. No. 7, p. 2.) To this motion the Court now turns.

**ANALYSIS**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because this case was originally filed in state court and removed to federal court by Defendant, Defendant bears the burden of proving that federal jurisdiction exists. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Where, as here, Plaintiffs have not pled a

specific amount of damages, the removing Defendant must prove by a preponderance of the evidence that the amount in controversy "can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (stating the removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove).

The Eleventh Circuit has set forth a procedure for trial courts to follow in determining whether the jurisdictional amount is satisfied at the time of removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams*, 269 F.3d at 1319. Additionally, the court may consider evidence submitted after the notice of removal is filed. *Id*. However, the Eleventh Circuit has emphasized that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

Moreover, under 28 U.S.C. § 1446(b), to determine whether removal to federal court is an appropriate measure, "the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d

1184, 1213 (11th Cir. 2007). "In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." *Id*. at 1215. In addition, the Eleventh Circuit made clear that if the jurisdictional amount is not clear or readily deducible from the face of the removing documents, then "the court must remand." *Id.* at 1211.

Plaintiffs argue that the action should be remanded because: (1) Defendant wrongly relies on the available insurance policy limit as grounds that the amount in controversy exceeds $75,000; (2) Defendant wrongly relies on Plaintiffs' settlement offer letter, which is usually mere "puffing and posturing;" and, (3) the past medical charges relied upon by Defendant fail to show with the requisite certainty that the value of the case exceeds $75,000. (Doc. No. 7, pp. 7-8.)

Defendant disagrees and submits that the present action is properly removed to this Court. (*See generally* Doc. No. 9.) Plaintiffs' settlement offer letter does not merely contain a brief overview of Plaintiffs' claims, argues Defendant; rather, the letter contains details of the injuries Plaintiffs claim are related to the motor vehicle accident, along with Plaintiffs' past and future medical expenses, loss of household services, and non-economic damages. (*Id.* at 2.)

The Court agrees with Defendant. The Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the removal papers to determine whether a case is properly removed. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted) (quoting *Pretka*, 608 F.3d at 754). The Court finds that other Middle District of Florida cases Plaintiffs cite are factually distinguishable from the present one, and therefore a different conclusion is warranted. In this case, the settlement offer letter contains sufficient evidence enabling Defendant to show, by a preponderance of the evidence, that the amount in

controversy exceeds $75,000. Because Defendant's removal papers prove that the amount in controversy more likely than not exceeds $75,000, the Court **DENIES** Plaintiffs' Motion to Remand.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on January 23rd , 2012.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record